IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHEREK WEEKES,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : Case No. 1:24-CV-01596 (ABJ) |
| | : |
| | : |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** | : |
| | : |
| **Defendant.** | : |
| | : |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S PARTIAL MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), pursuant to Fed. R. Civ. P. 12(b) (6), hereby moves to dismiss Counts I and II of Plaintiff's Second Amended Complaint for a failure to state a claim for which relief can be granted.

Specifically, Count I (Sexual Harassment- Hostile Work Environment in Violation of Title VII) and Count II (Gender Discrimination in Violation of Title VII) of Plaintiff's Second Amended Complaint are based on Plaintiff's allegations of sexual harassment by a colleague, Mr. James Graham, on or before June 18, 2021; however, because Plaintiff did not file his Charge of Discrimination (#570-2023-0126) with the EEOC asserting the above mentioned allegations of sexual harassment until June 14, 2022, the above mentioned allegations are untimely.

In addition, Plaintiff also alleges in Count II of the Second Amended Complaint that he was subject to gender-based harassment by his supervisors and treated differently than similarly

situated female co-workers, but those allegations under Count II must be dismissed because of Plaintiff's failure to plead any facts that would allow the Court to draw any inferences of gender discrimination in favor of the Plaintiff.

In support of this motion, WMATA refers the Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY


*/s/ Michael K. Guss*
Michael K. Guss #465171
Senior Counsel
WMATA-COUN
Office of General Counsel 7E
300 7th Street, SW
Washington, DC 20024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEREK WEEKES, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:24-CV-01596 (ABJ) |
| | : |
| | : |
| WASHINGTON METROPOLITAN | : |
| AREA TRANSIT AUTHORITY | : |
| | : |
| Defendant. | : |
| | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WMATA'S FED. R. CIV. P. 12(b) (6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**FACTUAL BACKGROUND**[1]

On May 31, 2024, Plaintiff filed his Complaint [ECF No. 1] in this Court against WMATA alleging three counts of discrimination by WMATA in violation of Title VII (Count I-Sexual Harassment, Count II, Gender Discrimination, and Count III, Retaliation). Plaintiff amended his Complaint on August 28, 2024 [ECF No. 3], adding three WMATA employees as individual defendants and adding two additional counts of sexual harassment and race discrimination under 42 U.S.C. § 1981. Plaintiff amended the complaint a second time on September 6, 2024, re-alleging the same counts against both WMATA and the individual WMATA employees listed in the August 28, 2024, Amended Complaint and adding that he was

---

[1] Plaintiff's allegations in the Complaint are not in dispute for purposes of this motion only.

suing the three WMATA employees both in their individual and professional capacities. *See* Amend. Compl., ECF No. 5. There was another Amended Complaint filed on September 9, 2024. *See* Amend. Compl., ECF 6. Finally, on November 13, 2024, Plaintiff filed his Second Amended Complaint dropping the allegations against the individual defendants and dropping his allegations of discrimination under Section 1981 against both the individual defendants and WMATA. *See* Sec. Amend. Compl., ECF No. 7.

Plaintiff's Second Amended Complaint, which is the subject of this motion to dismiss, has just three counts, all against WMATA. *Id*. The first count alleges that Plaintiff was subject to a hostile work environment due to "offensive and unwelcome sexual comments and advances" by [James] Graham, a WMATA assistant superintendent. *See Id*. at ¶¶ 21 & 55. In Paragraphs 20 and 21 of the Second Amended Complaint, Plaintiff states:

> On or about June 18, 2021, Plaintiff met with officials from WMATA's OEEO office and verbally stated his complaints of discrimination, hostile work environment and retaliation.
>
> The June 18, 2021, complaint also involved sexual harassment against Mr. James Graham, who was an Assistant Superintendent. Plaintiff shared [a] office with Mr. Graham who began making unwanted sexual advances toward Plaintiff. Mr. Graham often raised suggestive talks and questions with Plaintiff, including stating to Plaintiff, "Ask me anything and I'll tell you." "I've been noticing things, and we can talk about it.", and "do you still fuck your wife?" On one occasion, Mr. Graham said to Plaintiff, "your shirt is out of your pants exposing your skin, you got a nice ass." . . . Plaintiff reported the sexually harassment by Mr. Graham to his superiors, including Superintendent Armond Despertt and Supervisor Stacy Hatcher.

*See* Second Amend. Compl. ¶¶ 20-21, ECF No. 7.

In Paragraph 25 of the Second Amended Complaint, Plaintiff alleges that he filed a formal complaint of sexual harassment against Graham and alleged that "he felt that Mr. [James] Poe was complicit with the actions of the harasser." *See* Second Amend. Compl. ¶ 25.

In Paragraph 71 of the Second Amended Complaint under Count II, Plaintiff alleges that he was subject to discrimination based on his gender (male) "by and through the actions of Mr. Graham and other WMATA management officials as well as treated unfavorably as compared with female similarly situated co-workers and colleagues." *Id*. at ¶ 71. The third count alleges retaliation.

In Paragraphs 4 and 5 of the Second Amended Complaint, Plaintiff states that he "timely" contacted the EEOC and filed EEOC Charge No.: 570-2023-01206 due to discrimination based on his gender, retaliation, and hostile work environment. *Id*. at ¶¶ 4 and 5. However, Plaintiff filed Charge of Discrimination #570-2023-01206 on June 14, 2022, alleging sex discrimination, retaliation, and a hostile work environment based on sexual harassment. *See* Exhibit 1: Charge of Discrimination #570-2023-01206, ECF No. 8-1.

Plaintiff did receive his Dismissal and Notice of Rights letter (90-day letter) on March 1, 2024, before filing this lawsuit.

## ARGUMENT

### I. Plaintiff's Allegations of a Hostile Work Environment Based on Sexual Harassment by James Graham in Counts I and II Must Be Dismissed as Untimely

Plaintiff's allegations of a hostile work environment based on sexual harassment by WMATA Assistant Superintendent James Graham are untimely; therefore, Counts I and II of the Second Amended Complaint must be dismissed due to Plaintiff's failure to exhaust said claims.

Title VII requires a complainant to file an administrative charge with the EEOC first and allow the agency time to act on the charge before filing a lawsuit within ninety days after receipt of a notice of a right to sue letter. *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. 1995). A Title VII lawsuit is limited in scope to claims that are "'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Id*. at 907 (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). At a minimum, Title VII claims must arise from the administrative investigation that can reasonably be expected to follow the charge of discrimination. *Id*. The administrative charge must set forth with specificity the theory behind the charge being made, which can be easily done considering that the EEOC's own charging document has boxes to check that specify the plaintiff's theory behind the discrimination charge. *Alfred v. Scribner Hall & Thompson, LLP*, 473 F.Supp.2d 6, 8 (D.D.C. 2007). If a charge of discrimination filed with the EEOC does not include a particular theory of discrimination, it is barred in a subsequent civil action. *Id*.

Title VII requires that administrative charges against WMATA must be filed within 180 days of the alleged discriminatory incident[2]. *Oviedo v. WMATA*, 948 F.3d 386, 393 (D.C. Cir.

---

[2] WMATA, because it was established by Congressional Compact, signed by Maryland, Virginia, and the District of Columbia, is not subject to the D.C. Human Rights Act ("DCRA") because, as an agency and instrumentality of all three separate jurisdictions, and pursuant to the WMATA Compact, one signatory may not impose its legislative

4

2020); *Washington v. WMATA*, 160 F.3d 750, 752 (D.C. Cir. 1998); *Whorton v. WMATA*, 924 F. Supp.2d 334, 345 n.8 (D.D.C. 2013); *Ferguson v. WMATA*, 630 F. Supp.3d 96 n.9 (D.D.C. 2022). The 180-day requirement essentially functions as a statute of limitations for Title VII actions. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

While Plaintiff states in the Second Amended Complaint that he verbally complained about being harassed sexually by Mr. Graham in a June 18, 2021, meeting with internal OEEO officials, in the Particulars Section of Plaintiff's Charge of Discrimination, he doesn't explicitly state the above. For example:

> On June 16, 2021, Mr. Weekes sent another email to WMATA's Office of Equal Employment Opportunity (OEEO) and on June 18, 2021, Mr. Weekes met with an official from OEEO and stated his complaints and identified the discrimination and retaliation he was being subject to.

*See* Ex. 1, Charge of Discrimination, ECF No. 8-1.

Both in the Second Amended Complaint and his Charge of Discrimination, there is no other reference to Graham's alleged sexual harassment post the filing of Plaintiff's formal complaint on July 15, 2021; therefore, Counts I and II of Plaintiff's suit seeking relief due to the alleged harassment by Graham must be dismissed as untimely because he

---

enactments upon the others without the express written consent of the other signatories and the United States Congress. *See OPIEU, Local 2 v. WMATA*, 724 F.2d 133, 139 (D.C. Cir. 1983); *see also Lucero-Nelson v. WMATA*, 1 F. Supp. 2d 1, 7 (D.D.C. 1998); *Ndzerre v. WMATA*, 174 F. Supp. 3d 58, 64 (D.D.C. 2016). Therefore, because local anti-discrimination and anti-retaliation laws are inapplicable to WMATA, local authorities have no power to act, hence the 300-day filing requirement allowed under 42 U.S.C. §2000e-5(e)(1) is inapplicable to WMATA. Hence, the charge of discrimination filing deadline for claims against WMATA is 180-days.

failed to exhaust said claim within 180 days of its occurrence, which was, at the latest, January 17, 2022.[3]

## II. Count II of the Second Amended Complaint Must Be Dismissed Because Plaintiff Failed to Plead Any Facts Underlying His Claim of a Hostile Work Environment <u>Based on Gender</u>

Even if Plaintiff were to assert that he is seeking relief for other allegations of harassment outside of the allegations directed at Graham, or that he was treated differently than similarly situated female coworkers, those allegations must still be dismissed because Plaintiff failed to plead any facts underlining the above theories of the case.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facts do not have to be detailed, but they must be plead in a way to "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged;" so formulaic recitation of the elements of a cause of action and/or allegations that offer little more than "labels and conclusions" just will not do. *Id*. (quoting *Twombly*, 550 U.S. at 555). Moreover, while it is true in Title VII cases, a plaintiff can raise an inference of discrimination by showing he was treated differently from similarly situated employees, the employees asserted must not be a part of the same protected class as the plaintiff. *See Brown v. Sessoms*, 774 F.3d 1016, 1022 (D.C. Cir. 2014).

---

[3] January 15, 2022, was a Saturday.

Counts I and II of the Second Amended Complaint are duplicative in that both counts state definitively that Plaintiff is seeking redress due to the claimed sexual harassment of Graham. *See* Second Amend. Compl. ¶¶ 55 and 71. While Paragraph 71 does additionally state that Plaintiff "was consistently harassed by Defendant, by and through the actions of Mr. Graham and other WMATA management officials as well as treated unfavorably as compared with female similarly situated co-workers and colleagues," Plaintiff fails to plead any facts that he was harassed because of his gender by any of his supervisors and/or fails to identify any facts showing that he was treated differently as compared to similarly situated female coworkers as required for a gender discrimination case. In fact, Plaintiff only mentions male co-workers in the context of those employees allegedly not being subject to retaliation because they did not engage in protected activity but fails to mention any female co-workers at all in his Second Amended Complaint to back up his claim of gender discrimination. Courts in this circuit have dismissed complaints containing far more information than even Plaintiff has plead in his complaint. *See Liu v. Georgetown Univ.*, No. 22-157 (RDM), 2024 WL 4362128, at *7 (D.D.C. Sept. 30, 2024) (dismissing Plaintiff's complaint where he did compare himself to a person of a different race but failed to provide enough details about said co-worker that would allow the Court to draw an inference of discrimination); *see also Budik v. Howard Univ. Hosp.*, 986 F. Supp. 2d 1, 7 (D.D.C. 2013) (dismissing complaint where plaintiff did not identify co-worker's "job title, or to allege any facts about the co-worker's experience, seniority, or expertise" and "the only information provide [wa]s the co-worker's race").

Therefore, for all the above-mentioned reasons, Counts I and II of Plaintiff's Second Amended Complaint must be dismissed for failure to state claims upon which relief can be granted.

Respectfully submitted,

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY


*/s/ Michael K. Guss*
Michael K. Guss #465171
Senior Counsel-WMATA
Office of General Counsel 7E
300 7th Street, SW
Washington, D.C.  20024
(202) 962-1468

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHEREK WEEKES,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : Case No. 1:24-CV-01596 (ABJ) |
| | : |
| | : |
| **WASHINGTON METROPOLITAN** | : |
| **AREA TRANSIT AUTHORITY** | : |
| | : |
| **Defendant.** | : |
| | : |

## **ORDER**

UPON CONSIDERATION of the foregoing Partial Motion to Dismiss filed by WMATA, and any opposition thereto, it is this ___ day of _____ 2024.

ORDERED, that the Motion to Dismiss Counts I and II of the Second Amended Complaint is GRANTED,

_____
Judge Amy Berman Jackson

cc: George Rose
Donna Williams Rucker
Tully Rinckey, PLLC
2001 L Street, NW, Suite 902
Washington, DC 20036

Michael K. Guss
Senior Counsel-WMATA
300 7th Street, SW
Washington, D.C. 20024